| | |
|---|---|
| XAVIER LAURENS and KHADIJA LAURENS, et al, <br><br> Plaintiffs, <br> v. <br><br> VOLVO CARS of NORTH AMERICA, LLC, et al, <br><br> Defendants. | Civ. No. 2:18-cv-08798-WHW-CLW <br><br> <u>**OPINION & ORDER**</u> |

**I.      INTRODUCTION**

This matter comes before the Court on Plaintiffs Xavier and Khadija Laurens' ("Plaintiffs") Motion to Amend the Complaint (ECF No. 92). The Court declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, Plaintiffs' Motion is **DENIED.**

**II.     BACKGROUND**

This is a class action lawsuit centered on Volvo's allegedly deceptive and misleading marketing about the electric battery range of the XC90 T8 hybrid sport utility vehicle ("T8"). Amended Compl., ECF No. 22 at ¶ 2. Plaintiffs allege that between 2014 and 2016, Defendants falsely inflated the T8's mileage capability. *Id.* at ¶ 3. According to Plaintiffs, Defendants represented that the T8 could be driven solely on a battery charge for 25 miles, when in fact the T8's mile range on a full electric charge is only "approximately 8 to 10 miles." *Id.*

Plaintiffs first filed this action in the Northern District of Illinois on behalf of a putative class of T8 purchasers, alleging common law claims and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. ECF No. 1. At that time, Xavier Laurens was the sole named Plaintiff. On June 29, 2016, Plaintiffs filed their First Amended Complaint, which added Khadija Laurens – Xavier Laurens' wife – as a named Plaintiff. Amended Compl., ECF No. 22. According to Plaintiffs, Xavier and Khadija Laurens purchased a T8 at an Illinois dealership for $83,475, relying on Defendants' representations that the T8 had an all-electric range of 25 miles. *Id*. at ¶¶

32, 35. Only Khadija signed the purchase agreement for the T8, and the vehicle was titled in her name. Memorandum Opinion and Order, ECF No. 43 at p. 2.

Defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On October 13, 2016, the Court dismissed Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Memorandum Opinion and Order, ECF No. 43. The Court held that both Plaintiffs' claims were moot, because Xavier did not hold title to the T8 and Khadija rejected a pre-suit offer of complete relief from Volvo. *Id.* Plaintiffs appealed, and on August 22, 2017, the Seventh Circuit reversed the District Court's ruling and remanded the case for further proceedings. ECF No. 55. As discussed below, the parties strongly disagree about the effect of the Seventh Circuit's ruling on Xavier's standing in this lawsuit.

On remand, the District Court reached Defendants' Motion to Dismiss for failure to state a claim under 12(b)(6). The District Court granted Defendant's Motion as to the common law fraud claim against Defendant VCUSA and denied the Motion for the remaining three counts. ECF No. 67 at 9. Defendants Volvo Car USA, LLC and Volvo Cars of North America, LLC each filed answers, and the parties began discovery. ECF Nos. 64, 65 and 70.

On April 3, 2018, Defendants moved to strike any out-of-state class members' claims that do not arise out of Defendants' specific contacts with Illinois. ECF No. 76. Defendants asserted that the District Court for the Northern District of Illinois lacked personal jurisdiction over Defendants as to these claims. In lieu of opposing Defendants' Motion, Plaintiffs moved to transfer the case to this District, where Defendants are headquartered. ECF No. 83. The Court granted Plaintiffs' Motion. ECF No. 85.

After the case was transferred to the District of New Jersey, Plaintiffs filed a Motion to Amend the First Amended Complaint. ECF No. 92. Plaintiffs seek to plead additional facts related to Plaintiff Xavier Laurens, add a count for the violation of the New Jersey Consumer Fraud Act on behalf of the putative class, and remove Volvo Cars of North America, LLC as a Defendant. Proposed Second Amended Compl., ECF No. 101-1. Defendants oppose Plaintiffs' motion on the grounds of futility and undue delay. Def.'s Opp., ECF No. 100.

**III.     DISCUSSION**

The grant of a motion to amend is within the discretion of the District Court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave" to amend "when justice so requires." The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that a claim will be decided on its merits rather than on technicalities. *See Dole v. Acro Chem. Co.*, 921 F. 2d 484, 487 (3d Cir. 1990). Denial of leave to amend is warranted in certain circumstances. These include "undue delay," "dilatory motive on the part of the movant," "undue prejudice to the opposition party," and "futility of amendment." *Id.* (quoting *Foman*, 371 U.S. at 182).

An amendment must "be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (quoting *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir)). A proposed amendment is futile if the amendment "would not withstand a motion to dismiss" under Fed. R. Civ. P. 12(b)(6). *Id.* When evaluating the futility of an amendment, "the court looks only to the pleadings." *Garcia v. Corr. Med. Serv., Inc.*, No. CV 13-1250 (AET-DEA), 2016 WL 7377103, at *4 (D.N.J. Dec. 20, 2016) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). "All allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Id*.

Plaintiffs' proposed amendments fall into three categories: (a) additional facts related to Plaintiff Xavier Laurens, (b) the addition of a count for the violation of the New Jersey Consumer Fraud Act, and (c) the removal of Defendant Volvo Cars of North America, LLC ("VCNA"). With respect to categories (a) and (b), the proposed amendments are futile. With respect to category (c), the proper vehicle for the dismissal of Defendant VCNA is a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a), rather than amending the complaint to remove VCNA.

A.  *PLAINTIFF XAVIER LAURENS*

Plaintiffs seek to plead additional facts related to Plaintiff Xavier Laurens' purchase of the T8. The proposed additions include Xavier's payment of a $1,000 deposit to the Howard Orloff dealership for the T8 and his subsequent payment by personal check of the remaining $38,232.65 balance on the T8. Proposed SAC, ECF No. 101-1 at ¶¶ 30, 35. The proposed SAC also states that "Xavier and Khadija Laurens are joint-purchasers of their T8 vehicle." *Id.* ¶ 36.

The parties have extensively litigated and the Seventh Circuit has ruled on the issue of Xavier's standing in this lawsuit. The Seventh Circuit held:

> "[I]t is Khadija's name that appears on the purchase agreement. This indicates that she not only owns the T8, but also that she brought it. It does not matter that Volvo's evidence does not definitely indicate who furnished the funds. That was not its burden. All Volvo needed to do was to challenge Xavier's standing as a factual matter, and the documentation it provided was enough to do so. That put the ball in the Laurenses' court: it became their burden to come forward with competent proof that standing exists. With respect to Xavier, they did not provide any such evidence. Their failure to do so means that Xavier has not alleged the personal injury-in-fact that must exist for him to have standing to sue over the T8 purchase."

ECF No. 55 at p. 7. The doctrine of the law of the case "limits relitigation of an issue once it has been decided." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002). Once a court makes a decision, "that decision should continue to govern the same issues in subsequent stages in the same case." *Id.* (citations omitted). In transferred cases, courts are particularly careful to adhere to the previous rulings of the transferor court. *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir. 1982).

The parties disagree about what the law of the case is with respect to Xavier's standing. According to Defendants, the Seventh Circuit has ruled that Xavier lacks standing in this case, because he did not sign the Purchase Agreement and does not have title to the car. Def.'s Opp., ECF No. 100 at p. 10-11. Therefore, pleading additional facts about Xavier is futile, because Xavier was neither the purchaser nor the owner of the T8. *Id.*

Plaintiffs dispute Defendants' characterization of the Seventh Circuit's ruling. According to Plaintiffs, the Seventh Circuit's holding that Xavier lacks standing was cabined to the initial pleadings, and the Seventh Circuit left the door open for Xavier to demonstrate that he has standing on remand. Pl.'s Br., ECF No. 92-1 at p. 7. Therefore, the proposed amendments are consistent with the law of the case, because Plaintiffs seek to plead additional facts to meet their burden of showing that Xavier suffered an injury-in-fact. *Id.*; Pl.'s Reply, ECF No. 101 at p. 2.

The Court finds that the Seventh Circuit's ruling disposes of Xavier's claims, and thus the proposed amendments are futile. The Seventh Circuit ruled that Xavier did not meet his burden of demonstrating a personal injury-in-fact, because the purchase agreement indicates that Khadija "not only owns the T8, but also that she brought it." Therefore, Xavier's absence from the purchase agreement precludes his standing, no matter how much or in what manner he paid for the T8. The proposed amendments do not change the fact that Khadija remains the only party who signed the Purchase Agreement and who holds title to the T8.

4

In the alternative, Plaintiffs argue that this Court should disregard the Seventh Circuit's ruling, under two exceptions to the law of the case doctrine. First, new evidence has come to light. In the course of discovery after the Seventh Circuit's ruling, Volvo produced Xavier's check to the Volvo dealership for $68,232.85. Pl.'s Reply, ECF No. 101 at p. 6-7. Second, Plaintiffs argue that adherence to the Seventh Circuit's decision would constitute a manifest injustice. *Id.*

Neither of these asserted exceptions applies here. The law of the case should be set aside based on new evidence "only if the new evidence differs materially from the evidence of record when the issue was first decided and if it provides less support for that decision." *Hamilton v. Leavy*, 322 F.3d 776, 787 (3d Cir. 2003) (citing *In re City of Philadelphia Litig.,* 158 F.3d 711, 720 (3d Cir.1998). That is not the case here. As Defendants have catalogued, at the time of the Seventh Circuit's decision, Plaintiffs' pleadings, the briefing and the record reflected that Xavier had at least partially paid for the T8. Def.'s Opp., ECF No. 100 at p. 5. The Seventh Circuit held that Xavier's absence from the purchase agreement barred his standing anyway. Therefore, the new evidence about the exact amount of Xavier's payment does not have a material effect on the standing issue.

The Court also rejects Plaintiffs' argument that the Seventh Circuit's holding results in a "manifest injustice" to Plaintiffs. Plaintiffs contend that the Seventh Circuit's conclusion that Xavier did not suffer an injury-in-fact "ignores reality," because Xavier paid almost the entire purchase price of the T8. Pl.'s Reply, ECF No. 101 at p. 6. Plaintiffs do nothing more than argue that the Seventh Circuit's decision was incorrect, which does not meet the high bar for setting aside prior rulings in a case. *See, e.g., In re City of Philadelphia Litig.*, 158 F.3d 711, 722 (3d Cir. 1998) (the "manifest injustice" exception applies only in "the exceptional circumstance of a clearly erroneous decision"). Therefore, the Court will abide by the law of the case.

### B. ADDITION OF NEW JERSEY CONSUMER FRAUD ACT COUNT

Plaintiffs next seek to add a count for the violation of the New Jersey Consumer Fraud Act ("NJCFA"). ECF No. 101-1, Proposed SAC., ¶¶ 56-66. Plaintiffs allege that Volvo violated the NJCFA by "engag[ing] in…deceptive acts and misrepresentations" about the T8's electric battery range. *Id.* at ¶ 60. According to Plaintiffs, the addition of the NJCFA count at this stage of the litigation is appropriate, because Plaintiffs "have now ascertained that substantially all of Volvo's marketing misconduct emanated from Volvo's [New Jersey] headquarters." Pl.'s Br., ECF No. 92-1 at p. 8. Defendant argues that the NJCFA count is futile, because the Illinois Consumer

5

Fraud and Deceptive Business Practices Act ("ICFDBPA") applies to Plaintiffs' claims. Def.'s Opp., ECF No. 100 at p. 18.

The Court finds that the addition of the NJCFA count would be futile, because under New Jersey's choice of law principles, Illinois' consumer protection statute applies to Plaintiffs' claims.[1] *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941) (holding that federal courts sitting in diversity must apply the choice of law principles of the forum state).

New Jersey law requires a two-step choice of law inquiry. First, the court "must determine whether there is an actual conflict" between the potentially applicable laws. *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006). If an actual conflict exists, the court looks to which forum has "the most significant relationship" to the claims. *Id*. New Jersey uses the Second Restatement of Conflict of Laws to determine which state has the most significant relationship. *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 140, 962 A.2d 453, 458 (2008). For consumer fraud claims, "section 148 of the Restatement provides the relevant guidance." *Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*, No. CIVA 08-5380 (JLL), 2010 WL 1424014, at *3 (D.N.J. Apr. 8, 2010).

This Court has directly considered the existence of an actual conflict between New Jersey and Illinois' consumer protection statutes and held that these statutes conflict. *Skeen v. BMW of N. Am.*, LLC, No. 2:13-CV-1531-WHW-CLW, 2014 WL 283628, at *5 (D.N.J. Jan. 24, 2014); *see also Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*, No. CIVA 08-5380 (JLL), 2010 WL 1424014, at *3 (D.N.J. Apr. 8, 2010). There are two important differences between New Jersey and Illinois law. First, New Jersey law provides for treble damages, while Illinois law limits recovery to actual damages. *Warma Witter Kreisler, Inc.*, 2010 WL 1424014, at *3. Second, a jury trial is available under the New Jersey statute, while the Illinois statute does not include a right to a jury trial. These "fundamental differences in the laws of the two states" outweigh any commonalities between New Jersey and Illinois consumer protection policy. *Id.*

The Court must now determine whether Illinois or New Jersey has the most significant relationship to this case. Because a putative class has not yet been certified, the Court will look

---

[1] Both parties' briefing discusses choice of law issues in detail, and the parties have presented the facts necessary for the choice of law analysis. Therefore, a choice of law analysis is not premature at this point. *See Kearney v. Bayerische Motoren Werke Aktiengesellschaft,* No. CV1713544WHWCLW, 2018 WL 4144683, at *4 (D.N.J. Aug. 29, 2018) ("a choice-of-law analysis is appropriate" at "the motion-to-dismiss stage" when parties have briefed choice-of-law issues and neither party identifies "any additional facts [the] court needs to conduct its own analysis").

only to the named Plaintiffs' claims and their relationship to each state. *Rolo v. City Investing Co. Liquidating Trust,* 155 F. 3d 644, 659 (3d Cir. 1998). Where, as here, Defendants make misrepresentations in one state and Plaintiffs act upon those misrepresentations in another state, the six-factor test in subsection 2 of section 148 of the Second Restatement applies. *Maniscalco v. Brother Int'l (USA) Corp.,* 709 F.3d 202, 207 (3d Cir. 2013). Pursuant to this test, the Court looks to six contacts between Plaintiffs' claims and Illinois and New Jersey. These six contacts are: "(a) the place…where the plaintiff acted in reliance upon the defendant's representations; (b) the place where the plaintiff received the representations; (c) the place where defendant made the representations; (d) the…place of incorporation and place of business of the parties…;(e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time; and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representation of the defendant." *Id.* These contacts should be weighed based on the choice of law principles in section 6 of the Restatement.[2]

Under the six-factor test, Illinois has the most significant relationship to this action. The analysis here overlaps almost completely with *Skeen*, where this Court found that the Illinois consumer protection statute applied to an Illinois car purchaser's consumer fraud claims against a New Jersey-based car manufacturer. 2014 WL 283628, at *6 (D.N.J. Jan. 24, 2014).

Contacts (a), (b), (e), and (f) took place in Illinois. Xavier and Khadija Laurens acted in reliance on Volvo's representations by purchasing the T8 in Illinois, the Laurenses received Volvo's representations about the T8's electric battery range in Illinois, the Laurenses' T8 vehicle was located in Illinois, and the Laurenses purchased and paid for the T8 in Illinois. The remaining two contacts – (c) and (d) – occurred in New Jersey. Volvo's marketing materials emanated from its New Jersey headquarters, and Defendants Volvo Car USA, LLC and Volvo Cars of North America, LLC both have their principal places of business in New Jersey. With the exception of contact (d), which was "neutral" in *Skeen* because one of the Defendants was German, the Second Restatement analysis here matches the analysis in *Skeen*. *Id.* at *6. Therefore, the Court reaches the same conclusion – "[c]onsidered together….the § 148 factors weigh strongly in favor of applying Illinois law to [Plaintiffs'] claim." *Id.* at *7.

---

[2] These choice of law principles include: "(1) the interests of interstate comity; (2) the interests of the parties; (3) the interests underlying the field of tort law; (4) the interests of judicial administration; and (5) the competing interests of the states." *Maniscalco*, 709 F.3d at 207 (quoting *Camp Jaycee*, 962 A.2d at 463).

Plaintiffs contend that "it is not a foregone conclusion….that New Jersey does not have the most significant relationship" to this case. Pl.'s Reply, ECF No. 101, at p. 8. However, Plaintiffs fail to distinguish this matter from *Skeen* in any meaningful way.  Plaintiffs ask this Court to take into account that the T8 was manufactured in Sweden, that the purchase agreement does not have a choice of law provision that favors one state's law, and that more discovery is needed about "the mechanism of how Plaintiffs' payments eventually reach Volvo in New Jersey." *Id.* at 9. None of these considerations impact the "most significant relationship" analysis under the Second Restatement.

The general choice of law principles in section 6 of the Restatement further support the application of Illinois law. "[T]he interests of interstate comity favor applying the law of the individual claimant's own state." *Maniscalco*, 709 F.3d at 209 (quoting *Fink v. Ricoh Corp.,* 839 A.2d 942, 983 (N.J.Super. Ct. Law Div.2003)). The interests of the parties also favor Illinois, because "the only contacts between the parties took place" in Illinois, and thus "it is reasonable to assume that they expected that [Illinois] law would apply." *Id.* Finally, Illinois has a greater governmental interest in this matter than New Jersey, because Illinois' interests in "having its law apply to its own consumers outweighs the interests of New Jersey in protecting out-of-state consumers from consumer fraud." *Id* (citing *Knox v. Samsung Elecs. Am., Inc.,* Civ. No. 08–4308, 2009 WL 1810728, at *4 (D.N.J. June 25, 2009); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig,* 174 F.R.D. 332, 348 (D.N.J.1997)).

### C.  REMOVAL OF DEFENDANT VOLVO CARS of NORTH AMERICA, LLC

Plaintiffs seek to dismiss Defendant Volvo Cars of North America, LLC from this action by deleting VCNA from the amended complaint and reserving "the right to move the Court for leave to amend the complaint to re-add VCNA as a defendant…should new evidence require as such." Pl.'s Br., ECF No. 92-1, at p. 7-8.  Plaintiffs contend that VCNA's dismissal will "streamline the litigation," because Defendants have represented that VCNA is "essentially a holding company with no involvement in Volvo's marketing efforts across the United States." *Id*. Defendants respond that a motion to amend is not the appropriate procedural method for dismissing VCNA from the case. Def.'s Opp., ECF No. 1-00 at p. 6.

Fed. R. Civ. P. 41 provides for the voluntary dismissal of parties. In lieu of amending the complaint to exclude VCNA, Plaintiffs may seek Defendants' consent for a stipulation of

dismissal. *Id.* 41(a)(1)(A)(ii). Therefore, the Court denies Plaintiffs leave to remove VCNA by amending the complaint.

### IV.     CONCLUSION

The Court denies Plaintiffs leave to file a Second Amended Complaint. Plaintiffs' proposed amendments are futile and not required by justice under Fed. R. Civ. P. 15(a).

Accordingly, it is on this 17th day of December, 2018,

**ORDERED** that Plaintiffs' Motion to Amend the Complaint (ECF No. 92) is **DENIED**.

**ORDERED** that the Clerk shall terminate ECF No. 92.

  *s/Cathy L. Waldor*  
**CATHY L. WALDOR**  
**United States Magistrate Judge**
